1  permits a party to amend its pleading once as a matter of right at any time before a responsive pleading
2  is served. Once a responsive pleading has been served, however, amendment requires written
3  consent of the adverse party or leave of the court. In accordance with the Rule 15(a)'s liberal
4  pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P.
5  15(a).

6  Here, Medtronic clearly and inexplicably violated the plain language of Rule 15 by filing an
7  amended complaint without leave of court and over strenuous objection by Dr. White. When asked to
8  explain its blatant violation of Rule 15, Medtronic was unable to provide any satisfactory response.
9  Had Medtronic complied with Rule 15(a) by filing a properly noticed motion to amend, it is likely that
10 under the liberal pleading standards and Ninth Circuit authority, that the motion would have been
11 granted. Medtronic did not elect this path, and as a result, Dr. White was forced to file a motion to
12 strike the amended complaint.

13 In the interest of preserving judicial resources, and in light of Rule 15's liberal pleading
14 standards, the Court will permit Medtronic to file its amended complaint. Dr. White is HEREBY
15 ORDERED to file an amended answer by **Friday, May 6, 2005**. As a sanction for violating Rule 15,
16 however, Medtronic is FURTHER ORDERED to pay Dr. White's attorneys' fees and costs incurred
17 in filing his motion to strike. Dr. White shall submit a declaration attaching billing records supporting its
18 claim for attorneys' fees and costs incurred in connection with his motion to strike by no later than
19 **Friday, April 29, 2005.** The Court will issue an order regarding the attorneys' fees after it has had an
20 opportunity to review the declaration.

21 **V.     CONCLUSION**

22 Based on the foregoing reasons, Dr. White's motion for partial summary judgment is
23 GRANTED IN PART and DENIED IN PART. The motions for partial summary judgment filed by
24 Medtronic and LA Biomed are each DENIED. Genuine issues of material fact exist as to the
25 following issues:

26 (1)     Whether Dr. White was able to derive directly the ideas, etc. that formed the basis for
27           the patents in suit from the two following problems identified in the Dilley Report and
28           by Ms. Eastwood: (a) problems associated with kinking of the graft, and (b) problems