IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC INC,

    Plaintiff,

v.

GEOFFREY WHITE,

    Defendant.

No. C 04-02201 JSW

**ORDER SETTING STATUS CONFERENCE ON JURY TRIAL ISSUE**

The Court has received and considered the parties' submissions on the issue of whether holding a bifurcated trial on the issue of ownership of the patents-in-suit and Dr. White's affirmative defenses affects either party's jury trial rights.

The Court HEREBY ORDERS the parties to appear for a status conference to further address this matter on **Friday, July 15, 2005 at 1:30 p.m.** The parties shall not reargue points in their briefing, but they shall be prepared to address the following questions:

1.     Starting with the scope of the Court's Order on summary judgment, what are the specific facts (rather than evidence) that Medtronic contends would be common to both trials and essential to a verdict or an award?

    Assuming Dr. White is correct in his contention that facts found during the first trial on the issues of ownership and affirmative defenses could not be re-litigated in a second trial, what is the basis for Medtronic's assertion that two juries could reach inconsistent determinations on the same issues?

2.     Section III.A of the Medtronic agreement provides that "any information, data, devices and results of study developed in the course of providing your consulting services ... are or shall be the property of Medtronic ... ." In its briefing on the jury

trial issue, Medtronic contends that each of its causes of action involve the same issue, "Dr. White's improper taking of Medtronic's property." Considering the allegations of Medtronic's First Amended Complaint, however, it appears that there are two types of property involved in this case: the rights to the patents-in-suit and Medtronic's Confidential Information.

In its First Amended Complaint, Medtronic alleges that Dr. White breached Section III.A of the Medtronic Agreement by failing to "maintain in confidence Medtronic's Confidential Information." (FAC, ¶ 37.) Now, in its jury trial submission, Medtronic appears to have altered its theory of the case to allege that the breach of this provision resulted in its being deprived of ownership rights in the patent, rather than suffering damages from disclosure of confidential information.

On what basis does Medtronic argue that a breach of this provision would result in Medtronic obtaining ownership of the patents in suit rather than contract damages? If a breach of this provision could lead to a factual finding that Medtronic owned the patents-in-suit, why should this factual issue not be included within the scope of the current trial?

3. In light of Dr. White's concession that the current schedule provides adequate time in which to prepare for and conduct a trial on all issues in this action, would the parties agree that the interests of judicial economy and conservation of court resources favor resolution of all issues in one trial?

**IT IS SO ORDERED.**

Dated: June 14, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE