SIDLEY AUSTIN LLP
Russell L. Johnson (SBN 53833) (rljohnson@sidley.com)
Matthew T. Powers (SBN 124493) (mpowers@sidley.com)
555 California Street, 20th Floor
San Francisco, CA  94104
Telephone:  (415) 772-1200
Facsimile:   (415) 397-4621

SIDLEY AUSTIN LLP
Stephen Carlson (*Pro Hac Vice*) (scarlson@sidley.com)
Hugh A. Abrams (*Pro Hac Vice*) (habrams@sidley.com)
One South Dearborn Street
Chicago, IL  60603
Telephone:     (312) 853-7000
Facsimile:      (312) 853-7036

Attorneys for Defendant
DR. GEOFFREY H. WHITE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DR. GEOFFREY H. WHITE, <br><br> Defendant. <br> _____ <br> LOS ANGELES BIOMEDICAL RESEARCH INSTITUTE AT HARBOR-UCLA MEDICAL CENTER, <br><br> Third-Party Intervenor and Plaintiff, <br><br> vs. <br><br> GEOFFREY WHITE, <br><br> Defendant. | Civil Action No. C 04-2201 JSW <br><br> **DEFENDANT WHITE'S DESIGNATIONS AND OBJECTIONS TO DESIGNATIONS OF DEPOSITION TESTIMONY FOR THE FIRST DAY OF TRIAL** <br><br> Trial Date:          March 6, 2006 <br> Hearing Time:    8:30 a.m. <br> Location:           Courtroom 2, 17th Floor <br> Judge:               Honorable Jeffrey S. White |

Civil Action No. C 04-2201 JSW
DEFENDANT WHITE'S DESIGNATIONS AND OBJECTIONS TO DESIGNATIONS OF DEPOSITION TESTIMONY FOR THE FIRST DAY OF  TRIAL

1    Pursuant to this Court's ruling at the Pre-trial Conference held on February 13, 2006, Dr.
2 White presents the following designations, and objections to designations, of deposition testimony.[1]
3 Although Dr. White objects to the introduction of any testimony from Mr. Richard Neifeld, in the
4 event the Court permits LA Biomed to introduce Mr. Neifeld's testimony in its case in chief (and
5 potentially on the first day of trial as LA Biomed has recently indicated), Dr. White has provided his
6 designations of testimony from Mr. Neifeld's deposition for the first day of trial that would
7 otherwise be read during Dr. White's case in chief.  These designations were previously presented to
8 LA Biomed for objection and counter-designation; however, Dr. White received only an objection
9 from LA Biomed in response.  Although both parties had previously reserved their right to modify
10 their designations when deposition designations were initially exchanged on January 18, 2006, LA
11 Biomed has insisted on objecting to Dr. White's designations of the Neifeld testimony as untimely.[2]

12    As a threshold matter, Dr. White objects to LA Biomed presenting *any* testimony from Mr.
13 Neifeld's deposition as that testimony relates to patent issues that are no longer part of the trial.  LA
14 Biomed repeatedly argued to this Court that the present trial relates to a contract issue involving a
15 "possibly patentable device," *not* the claims of the '458 and '073 patents.  The Court agreed.  Now,
16 LA Biomed wants to introduce, on the first day of trial, deposition testimony of Mr. Neifeld that
17 relates to the attempt to provoke an interference in the prosecution of the patents in suit.  The
18 designated testimony relates to the claims of the patents in suit and has no relevance to the "possibly
19 patentable device" issue that will be tried before the jury.

20    Mr. Neifeld is the patent attorney who handled the prosecution of the '458 and '073 patents in
21 suit, as well as other related patents and pending patent applications of Drs. White and Yu.  Mr.
22 Neifeld's designated testimony indicates that he was *not* involved in the drafting of the declaration of

---

[1] Dr. White's designations of the testimony of Mr. Richard Neifeld are included at Cotter Dec. Ex. 1.  References to "Cotter Dec." are to the Declaration of Carrie W. Cotter in Support of Defendant White's Designations and Objections to Designations of Deposition Testimony for the First Day of Trial.

[2] *See* Letter, Cotter Dec. Ex. 2, dated January 18, 2006, from Ann M. Mace to Linda Callison and Michelle Rhyu ("Dr. White reserves his right to amend the designated testimony provided here, designate testimony from additional witnesses, and/or designate testimony from the witnesses currently scheduled to present live testimony should they be unavailable for trial."); see also Letter, Cotter Dec. Ex. 3, dated January 18, 2006, from Linda F. Callison to Ann M. Mace ("We reserve the right to modify these designations . . .").

Civil Action No. C 04-2201 JSW                                                                                           1
DEFENDANT WHITE'S DESIGNATIONS AND OBJECTIONS TO DESIGNATIONS OF DEPOSITION
TESTIMONY FOR THE FIRST DAY OF TRIAL

1   Dr. White (Neifeld Dep. 24: 9-13; 50: 22-51:7), and that the White declaration relates to an

2   unsuccessful attempt by the applicants (Drs. White and Yu) to provoke interferences with several

3   patents and pending patent applications.  (Neifeld Dep. 73:20-75:14.)  The proposed interference did

4   *not* involve the "possibly patentable device" of "overlapping GAD-grafts," but patent claims having

5   subject matter in addition to elements of overlapping, much like the issued claims of the patents in

6   suit.  Mr. Neifeld's testimony therefore has no relevance to the "possibly patentable device" that LA

7   Biomed contends is the appropriate issue for this trial.

8       In addition, Mr. Neifeld is questioned about the "duty of candor" in the Patent and

9   Trademark Office and his understanding of that duty of candor.  (Neifeld Dep. 47: 6-7, 12-25; 48: 1-

10  14.)  Mr. Neifeld's testimony on the duty of candor has absolutely no relevance to the issue for trial,

11  as there is no claim of inequitable conduct in this contract case.

12      The Court has granted Dr. White's motion *in limine* to exclude the testimony of LA Biomed's

13  patent attorney "expert" witness, Mr. Don Martens, who was designated to testify about issues of

14  patent law.  LA Biomed's designation of Mr. Neifeld's testimony is nothing more than an attempt to

15  circumvent the Court's ruling and have Mr. Neifeld testify about issues of patent law.  As Mr.

16  Neifeld protested in response to questions at his deposition, LA Biomed was simply asking for "his

17  understanding of the law."  (Neifeld Dep. 31:4-19.)

18      Accordingly, Dr. White requests that the Court exclude the proposed deposition testimony of

19  Mr. Neifeld.  In the event the Court allows LA Biomed to introduce Mr. Neifeld's testimony in its

20  case in chief, Dr. White submits the attached designation of testimony.  This designation of

21  testimony is not a "counter-designation" under the rule of completeness, but is Dr. White's

22  designation of Mr. Neifeld's testimony, which would be read during Dr. White's case in chief.  Dr.

23  White seeks to have this testimony read at the same time as the LA Biomed designation of

24  testimony, in accordance with the Court's ruling on February 13, 2006, that all such testimony

25  should be read to the jury at the same time.  Dr. White understands that his designations will count

26  against his time for examination of witnesses at trial.

27

28  Civil Action No. C 04-2201 JSW                                                                        2
    DEFENDANT WHITE'S DESIGNATIONS AND OBJECTIONS TO DESIGNATIONS OF DEPOSITION
    TESTIMONY FOR THE FIRST DAY OF TRIAL

| | |
|---|---|
| Dated: February 21, 2006 | Respectfully submitted, |

By: _____/s/_____
SIDLEY AUSTIN LLP
Russell L. Johnson
Matthew T. Powers
555 California Street, 20th Floor
San Francisco, CA 94104
Telephone: (415) 772-1200

SIDLEY AUSTIN LLP
Stephen Carlson (*Pro Hac Vice*)
Hugh A. Abrams (*Pro Hac Vice*)
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000

Attorneys for Defendant
DR. GEOFFREY H. WHITE

---

Civil Action No. C 04-2201 JSW    3
DEFENDANT WHITE'S DESIGNATIONS AND OBJECTIONS TO DESIGNATIONS OF DEPOSITION TESTIMONY FOR THE FIRST DAY OF TRIAL
CH1 3450232v.1