IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC.,

    Plaintiff,

v.

DR. GEOFFREY WHITE,

    Defendant.

_____/

LOS ANGELES BIOMEDICAL RESEARCH INSTITUTE AT HARBOR-UCLA MEDICAL CENTER,

    Third-Party Plaintiff,

v.

GEOFFREY WHITE,

    Defendant.

_____/

No. C 04-02201 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DR. WHITE'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE AND ARGUMENT THAT DOES NOT RELATE TO BENCH TOP TESTING AT LA BIOMED/REI**

    At the final pretrial conference held on February 13, 2006, the Court reserved ruling on Dr. White's fourth motion in limine to exclude evidence and argument that does not relate to bench top testing at LA Biomed/REI. The Court has now considered that motion and LA Biomed's opposition thereto and rules as follows:

    As the Court ruled at the February 13, 2006 pretrial conference the "possibly patentable device and/or product" at issue is the "overlapping GAD-graft device." The parties' evidence

and argument shall focus on whether or not Dr. White conceived of or reduced to practice the "overlapping GAD-graft device," while at LA Biomed. The Court shall preclude references to other "possibly patentable devices and/or products," by *either* party.

Ownership of the '904 Patent is not at issue in this lawsuit and no reference to that patent shall be made by either party.

As the Court previously ruled, LA Biomed is not precluded from offering evidence of conception of the "overlapping GAD-graft device."

The Court has ruled that evidence of animal testing shall not be admitted as evidence of reduction to practice. Accordingly, evidence of animal testing shall not be admitted for this purpose. However, if Dr. White intends to rely on evidence of animal testing to show he reduced to practice an "overlapping GAD-graft device" at a location other than L.A. Biomed, the Court will revisit this ruling. To the extent animal testing at L.A. Biomed may be used as evidence to show that Dr. White conceived of the "overlapping GAD-graft device" at L.A. Biomed, the Court reverses the ruling it made during the pretrial conference, and evidence of animal testing may be admitted to show conception. Further, to the extent evidence regarding animal testing is offered to issues other than reduction to practice or conception, the Court will address that issue at trial and, time spent resolving objections to the evidence shall be counted against the party raising the objection regardless of the outcome.

Finally, evidence of Dr. Yu's work at L.A. Biomed shall be admissible. The Court, however, shall address the legal ramifications of Dr. Yu's work by way of jury instructions and, if necessary, when and if the need to address the appropriate remedy arises. Accordingly, the parties shall not argue the implications of Dr. Yu's work at L.A. Biomed in their opening statements.

**IT IS SO ORDERED.**

Dated: March 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE