IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC.,

    Plaintiff,

    v.

DR. GEOFFREY WHITE,

    Defendant.
_____/

LA BIOMEDICAL RESEARCH INSTITUTE AT HARBOR-UCLA MEDICAL CENTER,

    Third-Party Intervenor and Plaintiff,

    v.

GEOFFREY WHITE,

    Defendant.
_____/

No. C 04-02201 JSW

**ORDER ON PARTIES BRIEFS RE OBJECTIONS TO TRIAL EXHIBITS**

    The Court has received and considered the parties' briefs on objections to trial exhibits. Having considered the parties' arguments, the Court's rulings are set forth in the remainder of this Order. The Court shall not revisit the rulings in this Order prior to trial, nor shall the parties respond in writing to this Order.

    The Court FURTHER ORDERS that time spent resolving an objection at trial shall be counted against the party raising the objection, regardless of the outcome.

    1.    **Articles and Publications**: Articles or publications shall not be admitted in their

entirety, rather the parties shall offer specific provisions of such articles or publications and, if an objection is raised, the parties shall be prepared to argue the admissibility of those specific provisions at the time the article or publication is offered.  By way of example only, it is unclear to the Court at this time how the state of the prior art is relevant to what is at issue in this case, namely whether Dr. White conceived of or reduced to practice the overlapping GAD-graft *device*[1] while at L.A. Biomed.  However, the Court shall hear L.A. Biomed on this point at trial.  If the objection is resolved against L.A. Biomed, the time spent resolving the objection shall be counted against L.A. Biomed's trial time.

      2.      **Redactions**: In general, the Court prefers that exhibits be admitted without redaction.  If the parties are in agreement about which portions of a particular exhibit should be redacted, a redacted exhibit may be admitted.  If the parties do not agree about redactions, the Court hereby advises that it shall place the burden on the party offering the redaction to show why the redaction is necessary.  In general, merely arguing that the material proposed to be redacted is irrelevant will not suffice to warrant a redaction.  Rather, the redacted material should be material that would be overly prejudicial to that party.

      3.      **L.A. Biomed's Patent and Copyright Policy**: As to the 1984 version of that policy, at trial L.A. Biomed must be prepared to argue why it is relevant to these proceedings as it predates the time period in question.  The Court further orders that the 1991 Policy shall be admitted without redaction.

      4.      **Slides and Operation Records**: The slides and operation records offered by Dr. White shall be admitted subject to Dr. White laying a proper foundation for the authentication of these slides and operation records at trial.  If authentication objections are raised at trial, time spent resolving those objections shall count against the party raising them.

      5.      **Financial Interest Evidence**: Pursuant to the Court's ruling at the pretrial conference, evidence of financial interest is excluded.  (*See* Tr. 2/13/06 at 40:20-41:22.)

---

[1] The parties shall not refer to the "overlapping GAD-graft device" as the "overlapping GAD-graft invention" at trial.  The parties shall follow the language of the contract, which defines an "invention" as a "possibly patentable device."  The Court has ruled that the "possibly patentable device" in question is the "overlapping GAD-graft device."

6. **Discovery Responses**: Pursuant to this Court's Guidelines for Civil Jury Trials, the parties are directed to "designate responses to requests for admissions and interrogatory answers in the same manner and under the same timetable as deposition designations," and to make those designations 5 court days before they are used.  In light of the fact that the areas of agreement between the parties are few and far between, the Court ORDERS that these designations shall be made by March 10, 2006.  The Court shall not permit wholesale introduction of discovery responses, and the parties shall be expected to proffer only specific portions of a particular discovery response at trial.  The Court will not, however, rule on specific portions of the interrogatories prior to trial.  Rather, the Court shall address objections as they arise at trial.  As with other objections, if a party raises an objection at trial, time spent resolving the objection shall be counted against that party regardless of the outcome.

5. **Pleadings or Briefs**: Any pleading or brief filed in this case shall not be admitted.  Accordingly, Dr. White's objections to Exhibits 253, 254, 255 and 256 are sustained.

6. **Declarations and Exhibits Attached Thereto**: If a party or witness in the case has filed a declaration, the declaration shall not excluded merely because it was filed in support of or opposition to a pleading or brief.  However, any party offering a declaration as evidence must demonstrate it is otherwise admissible.  Exhibits to declarations shall not be excluded or admitted merely because they were filed with the declaration.  Rather, a party intending to offer an exhibit attached to a declaration must demonstrate the exhibit is otherwise admissible.  Again, if a party objects to the admission of a declaration or an exhibit attached thereto, time spent resolving the objection shall be counted against that party regardless of the outcome.

7. **Animal Testing**: The Court has ruled that evidence of animal testing shall not be admitted as evidence of reduction to practice.  Accordingly, evidence of animal testing shall not be admitted for this purpose.  However, if Dr. White intends to rely on evidence of animal testing to show he reduced to practice an "overlapping GAD-graft device" at a location other than L.A. Biomed, the Court will revisit this ruling.  To the extent animal testing at L.A. Biomed may be used as evidence to show that Dr. White conceived of the "overlapping GAD-graft device" at L.A. Biomed, the Court reverses the ruling it made during the pretrial

conference, and evidence of animal testing may be admitted to show conception. Further, to the extent evidence regarding animal testing is offered to issues other than reduction to practice or conception, the Court will address that issue at trial and, time spent resolving objections to the evidence shall be counted against the party raising the objection regardless of the outcome.

**8.    L.A. Biomed Letters Seeking Assignment**: Dr. White's objections to Exhibits 8, 59 and 59 are sustained. In no event shall these Exhibits be presented to the jury. However, if Dr. White's affirmative defenses raise equitable matters for the Court to decide and these Exhibits become relevant to those issues, the Court will revisit this ruling.

**IT IS SO ORDERED.**

Dated: March 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE