**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC.,

        Plaintiff,

  v.

DR. GEOFFREY WHITE,

        Defendant.

_____/

LOS ANGELES BIOMEDICAL RESEARCH
INSTITUTE AT HARBOR-UCLA MEDICAL
CENTER,

        Third-Party Intervenor and
        Plaintiff,

  v.

GEOFFREY WHITE,

        Defendant.

_____/

No. C 04-02201 JSW

**COURT'S INTENDED FINAL
JURY INSTRUCTIONS**

      The following are the Court's intended final instructions.  If an instruction requested by a party is not included herein, the Court has determined it will not give that instruction.  To the extent the parties have already raised substantive objections to the Court giving a particular instruction during the charging conference, those objections are deemed preserved.  Similarly, to the extent the parties have asked for an instruction that is not given, all objections to such a ruling are deemed preserved.

**United States District Court**

For the Northern District of California

1

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

2        Members of the jury, now that you have heard all the evidence, it is my duty to instruct

3 you on the law which applies to this case.  I am also providing each of you with copies of these

4 instructions for you to consult in the jury room if you find it necessary.

5        It is your duty to find the facts from all the evidence in the case.  To those facts you will

6 apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

7 with it or not.  You must not be influenced by any personal likes or dislikes, opinions,

8 prejudices, or sympathy.  That means you must decide the case solely on the evidence before

9 you.  You will recall that you took an oath promising to do so at the beginning of the case.

10        In following my instructions, you must follow all of them and not single out some and

11 ignore others; they are all equally important.  You must not read into these instructions or into

12 anything the court may have said or done any suggestion as to what verdict you should return –

13 that is a matter entirely up to you.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

1.      the sworn testimony of witnesses;

2.      the exhibits which have been received into evidence; and

3.      any facts to which the lawyers have agreed or stipulated.

**United States District Court**

For the Northern District of California

3

**United States District Court**

For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you to interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

United States District Court

For the Northern District of California

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence has been admitted for a limited purpose only.  When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.  I previously instructed you that you could consider slides presented during Dr. Moore's testimony only for the limited purpose of determining whether Dr. White conceived of the overlapping GAD-graft device while at L.A. Biomed.  I am now withdrawing that limitation and you may consider that evidence for any purpose.   As always, the weight if any to give this or any other evidence is the sole province of you, the jury.

United States District Court

For the Northern District of California

**United States District Court**

**For the Northern District of California**

1

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

2    As I instructed you during trial, when a person is unavailable to testify at trial, the

3    deposition of that person may be used at the trial.  Also, a deposition may be used to cross-

4    examine a witness who is testifying at the trial. A deposition is the sworn testimony of a

5    witness taken before trial. The witness is placed under oath to tell the truth and lawyers for

6    each party may ask questions. The questions and answers are recorded.

7    You heard testimony from several witnesses by deposition.  Deposition testimony is

8    entitled to the same consideration and is to be judged, insofar as possible, in the same way as

9    if the witness had been present to testify.

United States District Court

For the Northern District of California

# CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness' memory;

3.     the witness' manner while testifying;

4.     the witness' interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness' testimony;

6.     the reasonableness of the witness' testimony in light of all the evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from a person who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

### CONSIDERATION OF PATENTS AS EVIDENCE

In reviewing the evidence, you will have, along with copies of other admitted evidence, copies of portions of two patents that you have heard discussed in this case. You may consider the figures of these two patents only for the purpose of understanding and evaluating the features of what the parties claim the overlapping GAD-graft device to be as well as the importance of the features to the functioning of the overlapping GAD-graft device. Certain portions of the patents do not have any bearing on the facts at issue in this case and have been redacted, that is edited out.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### STATEMENT OF THE CASE

As I told you at the outset of this case, the case involves a breach of contract claim.  As I told you, the subject matter of the contract at issue pertains to patents and medical devices used to repair blocked or damaged blood vessels.  These medical devices are known as vascular grafts, which include endovascular grafts, and in particular it pertains to a dispute between the parties regarding an overlapping GAD-graft device.

13

**BREACH OF CONTRACT - ESSENTIAL FACTUAL ELEMENTS**

In order to prove that Dr. White breached a contract, L.A. Biomed must prove all of the following:

1.   That a contract existed at all relevant times between L.A. Biomed and Dr. White;

2.   That L.A. Biomed did all, or substantially all of the significant things that the contract required L.A. Biomed to do or that L.A. Biomed was excused from having to do those things;

3.   That all conditions required for Dr. White's performance had occurred;

4.   That Dr. White failed to do something that the contract required him to do; and

5.   That L.A. Biomed was harmed by that failure.

United States District Court

For the Northern District of California

**WORK OF DR. YU**

You have heard testimony about both Dr. Geoffrey White and Dr. Weiyun Yu.  Dr. Yu is neither a party to this case nor a signatory to the Patent and Copyright Agreement at issue.  L.A. Biomed makes no separate claim against Dr. Yu in this case.

L.A. Biomed claims that Dr. Yu was Dr. White's agent and that Dr. White is therefore responsible for Dr. Yu's conduct.

If L.A. Biomed proves that Dr. White gave Dr. Yu authority to act on his behalf, then Dr. Yu was Dr. White's agent.  This authority may be shown by words or may be implied by the parties' conduct.  This authority cannot be shown the words of Dr. Yu alone.

If L.A. Biomed does not prove that Dr. Yu was Dr. White's agent, you should not consider Dr. Yu's conduct in reaching your decision.

**CONCEIVE**

The Patent and Copyright Agreement uses the term "conceive." In the context of this case, "conceive" means the formation in the mind of Dr. White, of a definite and permanent idea of the complete and operative device, as it is hereafter to be applied in practice. An idea is definite and permanent when a person has a specific, settled idea, a particular solution to the problem at hand, and not just a general goal or research plan that the person hopes to pursue. Conception of a device is complete when the idea is so clearly defined that only ordinary skill would be necessary to reduce the device to practice, without extensive research or experimentation.

United States District Court

For the Northern District of California

**REDUCE TO PRACTICE**

The Patent and Copyright Agreement also uses the term "reduce to practice."

In the context of this case, "reduce to practice" means that Dr. White constructed an embodiment or performed a process that comprised all of the elements of the device at issue and determined that the device would work for its intended purpose.

Determining that a device will work for its intended purpose in some cases may require testing, depending on the character of the device and the problem that it solves. A complex device may require tests that accurately duplicate actual working conditions in practical use. Less complex devices may not demand such stringent testing. In either situation, any testing conducted may show whether Dr. White would have known that the device was suitable for its intended use. The adequacy of reduction to practice is to be tested by what one of ordinary skill would conclude from the results of the tests conducted.

To prove reduction to practice by testimony from a person who claims to have reduced to practice a device, that testimony must be corroborated by independent evidence. To corroborate reduction to practice, it is not necessary to produce direct evidence of reduction to practice, rather sufficient circumstantial evidence of an independent nature can satisfy this requirement.

**United States District Court**

**For the Northern District of California**

**AFFIRMATIVE DEFENSE - STATUTE OF LIMITATIONS**

Dr. White asserts the statute of limitations as a defense to L.A. Biomed's claims for breach of contract.  The statute of limitations is a law providing that, unless a person begins a lawsuit within a certain time, the person loses the right to sue.  In this case, the applicable statute of limitations is four years and begins to run upon the occurrence of the last essential element to L.A. Biomed's cause of action.  (*See* Breach of Contract - Essential Factual Elements at page 13.)  It is undisputed that L.A. Biomed did not file this lawsuit until November 18, 2004.

It is Dr. White's burden to prove by a preponderance of the evidence that this affirmative defense applies in this case.  However, L.A. Biomed can establish the four year statute of limitations should be tolled, that is suspended, by proving by a preponderance of the evidence the time and manner of its discovery of its claim against Dr. White and the inability to have made earlier discovery of that claim despite reasonable diligence.

**AFFIRMATIVE DEFENSE - WAIVER**

Dr. White also asserts as an affirmative defense that L.A. Biomed gave up its rights to have Dr. White perform any obligations he may have to L.A. Biomed under the Patent and Copyright Agreement.  This is called a "waiver."

In order to prove this defense, Dr. White must prove by clear and convincing evidence that:

    1.    L.A. Biomed knew Dr. White was required to fulfill any obligations he had to L.A. Biomed under the Patent and Copyright Agreement; and

    2.    L.A. Biomed freely and knowingly gave up its right to have Dr. White perform any such obligations.

A waiver may be oral or written or may arise from conduct that shows that L.A. Biomed gave up this right.  If Dr. White proves that L.A. Biomed gave up its right to Dr. White's performance of these obligations, then Dr. White was not required to perform them.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When the party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

1

**BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE**

2        When a party has the burden of proof on any claim or affirmative defense by clear and

3  convincing evidence, it means you must be persuaded by the evidence that it is highly probable

4  that the claim or affirmative defense is true.  The clear and convincing evidence standard is a

5  heavier burden than the preponderance of the evidence standard.

6        You should base your decision on all of the evidence, regardless of which party

7  presented it.

8        This instruction only relates to the affirmative defense of waiver found on page 19 of

9  these instructions.



**United States District Court**

For the Northern District of California

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court

For the Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

United States District Court

For the Northern District of California

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through my Courtroom Deputy, signed by your presiding juror or by one or members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

United States District Court

For the Northern District of California

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached a unanimous verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

1

2   Dated: March 24, 2006

3                                JEFFREY S. WHITE
                               UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California