IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES BIOMEDICAL RESEARCH INSTITUTE AT HARBOR-UCLA MEDICAL CENTER,<br><br>    Third-Party Intervenor and Plaintiff,<br><br>  v.<br><br>DR. GEOFFREY WHITE,<br><br>    Defendant.<br>_____/ | No. C 04-02201 JSW<br><br>**ORDER ON LOS ANGELES BIOMEDICAL RESEARCH INSTITUTE AT HARBOR-UCLA MEDICAL CENTER'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, ALTERNATIVELY, FOR A NEW TRIAL OR AMENDMENT OF THE JUDGMENT** |

This matter comes before the Court upon consideration of the renewed motion for judgment as a matter of law or, in the alternative, for a new trial or amendment of the judgment filed by Los Angeles Biomedical Research Institute at Harbor-UCLA Medical Center ("L.A. Biomed"). Having considered the parties' pleadings, relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth herein, the Court DENIES L.A. Biomed's motion in its entirety.

**BACKGROUND**

On November 18, 2004, L.A. Biomed intervened in this case and filed a complaint alleging that Defendant, Dr. Geoffrey White ("Dr. White"), breached a Patent and Copyright Agreement (the "Agreement") dated August 5, 1985. The Agreement provides, *inter alia*, that "every possibly patentable device, process, or product hereinafter referred to as 'invention',"

that Dr. White "conceive[d] and/or reduce[d] to practice ... during the course of [his] utilization of any Institute research facilities, shall be examined by the Institute to determine rights and equities therein in accordance with the Institute's Patent and Copyright Policy."

The Agreement further provides that "in the event any such invention ... shall be deemed by the Institute to be patentable ... and the Institute desires, pursuant to determination by the Institute as to its rights and equities therein to seek patent ... protection therein," that Dr. White shall "execute any documents and do all things necessary, at Institute expense, to assign to the Institute all rights, title and interest therein and to assist the Institute in securing patent ... protection therein." (*Id.*)

On March 29, 2006, a jury entered a verdict in favor of Dr. White and against L.A. Biomed finding that Dr. White neither conceived of nor reduced to practice the "possibly patentable device" in question, an "overlapping GAD-graft device" during the course of his utilization of L.A. Biomed's facilities.

By the instant motion, L.A. Biomed seeks relief from that verdict.

**ANALYSIS**

**A.    Renewed Motion for Judgment as a Matter of Law.**

A party suffering an adverse verdict that moved for a judgment as a matter of law prior to the verdict, "may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment." Fed. R. Civ. P. 50(b). In ruling on L.A. Biomed's motion, the Court must determine whether the evidence, when construed in the light most favorable to Dr. White, "permits only one reasonable conclusion, and that conclusion is contrary the jury's verdict." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006); *see also Johnson v. Paradise Valley Unified School Dist.*, 251 F.3d 1222, 1226-27 (9th Cir. 2001). In ruling on the motion, the Court cannot make credibility determinations, weigh evidence, or draw inferences from the facts. *Johnson*, 251 F.3d at 1227.

With respect to L.A. Biomed's arguments as to the jury's verdict, considering all of the evidence in the light most favorable to Dr. White, as it must, the Court cannot conclude that the

evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict."

L.A. Biomed also seeks judgment as a matter of law on questions that the jury did not answer in reaching its verdict. However, any obligations Dr. White may have had to L.A. Biomed under the Agreement and any affirmative defenses he raised would be relevant only if he conceived of or reduced to practice the overlapping GAD-graft device during the course of utilizing L.A. Biomed's facilities. Having concluded that L.A. Biomed is not entitled to judgment as a matter of law on those questions, the Court concludes L.A. Biomed is not entitled to judgment as a matter of law on the remaining questions posed to the jury.

Accordingly, the Court DENIES L.A. Biomed's renewed motion for judgment as a matter of law.

**B.   Motion for New Trial.**[1]

Federal Rule of Civil Procedure 59(a) provides that a court may grant a new trial "to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Unlike a motion for a judgment as a matter of law, when considering a motion for a new trial, the Court "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

L.A. Biomed argues that it is entitled to a new trial because the verdict was against the clear weight of the evidence. In so moving, L.A. Biomed relies on the same arguments to support its renewed motion for judgment as a matter of law. Having considered L.A. Biomed's arguments, and the evidence under the standards applicable to a motion for a new trial, the Court is not "left with the definite and firm conviction that a mistake has been committed."

---

[1] L.A. Biomed also moves under Rule 59(e) to amend the judgment and asks the Court to rule as a matter of equity that it is entitled to co-ownership of the patents at issue. (Mot. at 4 n.4.) That motion is also DENIED.

3

*Landes Constr.*, 833 F.2d at 1372. Accordingly, L.A. Biomed's motion for a new trial is denied on this basis.

L.A. Biomed also argues it is entitled to a new trial based on the Court's instructions on reduction to practice and Dr. Yu's work. Specifically, L.A. Biomed contends that the reduction to practice instruction "deprived LA Biomed of the opportunity to rely on Dr. White's admissions against interest" and essentially shifted the corroboration requirement to L.A. Biomed. (Mot. at 20-21.) L.A. Biomed also argues that the reduction to practice instruction should have included a statement that any testing "need only demonstrate it to be more probable than not that the invention would work for its intended purpose." (*Id.* at 21.) Finally, L.A. Biomed also challenges the instruction relating to Dr. Yu's work. (*Id.*) The Court considered and rejected L.A. Biomed's arguments in the context of the charging conference and finds that L.A. Biomed's renewed arguments on these points do not warrant a new trial.

Finally, L.A. Biomed contends that it was substantially prejudiced by the Court's exclusion of evidence relating to Dr. White's financial interest in this litigation as well as the exclusion of certain portions of the two U.S. Patents that triggered this litigation. Having considered these arguments, the Court finds that L.A. Biomed was not substantially prejudiced by the exclusion of this evidence and, thus, it is not entitled to a new trial on this basis as well.

## CONCLUSION

For the foregoing reasons, L.A. Biomed's renewed motion for judgment as a matter of law or in the alternative for a new trial or to alter or amend judgment is DENIED.

**IT IS SO ORDERED.**

Dated: June 6, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE